Herman J. Schonhoff v. Commissioner.
Schonhoff v. Commissioner
Docket No. 95269.
United States Tax Court
T.C. Memo 1963-213; 1963 Tax Ct. Memo LEXIS 130; 22 T.C.M. (CCH) 1072; T.C.M. (RIA) 63213; August 14, 1963
Herman J. Schonhoff, pro se, Aviston, Ill., Gerald S. Walsh, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioner's 1960 income tax in the amount of $851.83. In his return for that year, filed with the district director of internal revenue in Springfield, Illinois, petitioner took a deduction in the sum of $3,925.20 as a theft loss, which respondent disallowed. Some of the facts are stipulated and they are found accordingly. During the years 1957 through 1960 petitioner was a regular office employee of a railroad and part-time employee at various race tracks as a parimutuel clerk, in St. Louis, Missouri. His claim that *131 he suffered a casualty loss in 1960, presumably under section 165(c)(3) of the Internal Revenue Code of 1954, is based upon his payment in 1957 of a sum of money to a dancing studio in St. Louis for dancing lessons, which payment was allegedly induced by "implied" misrepresentations, and only partially refunded in 1960. Petitioner appeared pro se and he testified that in November 1957, being dissatisfied with his status as a bachelor, he enrolled in a dancing studio for 15 hours of dancing lessons in order to meet girls with a view toward marriage. He paid $184.80 under this first contract. Later that month or the next month he signed a contract with the studio for 1,000 hours of lessons and paid the studio $8,825.20. It was his contention that he signed the second contract and paid the money because of the implied representation of the studio manager that he would be able to date the girl instructors, whereas the policy of the studio was that the instructors could not have dates with students. He did not testify the manager told him he could date the instructors. It was his testimony that when he told the manager he was enrolling in order to meet girls with *132 a view of changing his bachelor status the manager replied to the effect that he could meet pretty girls at the studio and pointed to two instructors who were then present. Almost immediately thereafter petitioner learned he could not date the instructors. Petitioner continued with his dancing lessons in 1957, 1958 and 1959 taking, in all, about 221 hours of lessons. He tried to have dates with instructors but was unsuccessful, at least while they remained studio employees. Becoming dissatisfied in about the middle of 1959 he demanded his $8,825.20 from the studio. The studio, in 1960, refunded to him $5,500 and canceled the contract for future lessons and petitioner agreed to the cancellation and signed a release to the studio of any and all claims. [1] Petitioner paid an attorney $600 to represent him in the matter of his claim against the studio. In his 1960 income tax return under the heading "Other Deductions" petitioner computed loss deduction by reason of the above transaction with the dancing studio, as follows: Loss by theft discovered in 1960
Total original loss
$8,825.20
Recovery (less $600 attorney
fee)
4,900.00
Net loss
$3,925.20
*133 Respondent was right in disallowing the claimed theft loss. Petitioner's own version of his transactions with the dancing studio is sufficient to demonstrate he was not entitled to the claimed 1960 theft loss deduction. In order to sustain his claimed theft loss petitioner's evidence would have to show the studio did "steal * * * [$3,925.20] by means of deceit" within the provisions of 1955 Revised Statutes of Missouri, section 560.156. Petitioner's own evidence of his transactions with the dancing studio falls far short of establishing the substantive elements of such a crime. Petitioner failed in his burden of proof to substantiate the deduction. Decision will be entered for the respondent. Footnotes
1. The studio manager testified the settlement sum was computed based on cost of the unused portion of the 1,000 hour lesson contract and consideration of incurred administrative expenses.↩